DONALD M. PLANTER v. HARRY ZINTZ ET UX.

Submitted May 6, 1927—Decided May 7, 1927.

Sale of Real Estate—Contract to Deliver Free of All Encumbrances—Deed Contained Restrictions Which Might Constitute Encumbrances—Suit Turned on the Meaning of the Word "House"—Held, That Though Covenants of This Kind are Strictly Enforced, This is No Time to Decide the Question Whether Some Grantor or Some Adjoining Owner, Not a Party to the Present Litigation Could Prevent the Erection on Forbidden Ground of a "House" Intended For Business Purposes—A Purchaser is Entitled to Reject the Title and Recover Back His Deposit in a Case Where a Substantial Defect is Shown.

On motion for summary judgment.

Before Mr. Justice PARKER, at chambers.

For the plaintiff, Ward G. Berry.

For the defendants, Howard Mackay.

Memorandum by

PARKER, J.  The suit is to recover back money paid on account of the purchase of real estate, the claim being that the title is not as stipulated in the contract.  It is stated in one of the briefs that a copy of the contract is annexed to the complaint, but I do not find it annexed to the copy submitted to me, nor is it referred to in the body of the complaint as annexed as provided by rule 37 of the Supreme Court.  I take the provisions of the contract as pleaded in the complaint, as well as the alleged restrictions claimed to be of record and affecting the title.

The complaint begins by pleading a contract to convey by warranty deed free of encumbrances, and it seems quite manifest that the eight restrictions on the use of the premises

set up in the complaint, and for the most part admitted in the answer, amount to such encumbrances as would entitle plaintiff to reject the title unless they are removed. Oddly enough, no reliance is placed on this clause, but plaintiff resorts to a special clause that the plaintiff should at his option be entitled to be released from all obligation under the contract should an examination of title disclose that said premises are subject to restrictions preventing the use of said property or any part thereof for business purposes. The complaint then recites eight restrictions, among which is: 3. That no part of any house erected upon the premises shall stand within twenty feet from the line of the street upon which the premises front; porches, porch steps and porte-cocheres excepted. The question argued is whether this prevents the use of any part of the property for business purposes, and seems to turn upon the further question whether the word "house" is to have a meaning confined to a building used exclusively for dwelling purposes. The defendants argued for this restricted meaning and invoke the clause about "porches, porch steps and porte-cocheres" as supporting it.

In 30 *C. J.* 472, the word "house" is characterized as "an ambiguous word with various meanings dependent upon or made evident by the purpose of the parties and the subject-matter of the instrument." In Webster's International Dictionary we read that *"prima facie,* the term means a dwelling-house with its appurtenances." It was so treated by Vice-Chancellor Emery in *Righter* v. *Winters,* 68 *N. J. Eq.* 252, but in connection with, if not apposition to, the compounded word "dwelling-house." In *State* v. *Garity,* 46 *N. H.* 61, cited in 19 *C. J.* 846 (state report not accessible at this writing), it seems to have been said that the word "house" is of wider significance than dwelling-house and narrower in scope than "building."

When we stop to think of the multifarious business uses to which buildings erected as dwelling-houses are converted and for which they are occupied, it should be obvious that

the manifest spirit of the restrictive covenant would be violated if the purchaser should undertake to erect on the premise and over the twenty-foot line a building to all appearance a dwelling-house, but for use—*e. g.,* as a sanitarium, a private hospital, a funeral home, a nest of offices for physicians and dentists, a dressmaker's establishment, a woman's exchange, &c. Externally, such a building would have all the usual characteristics of a "house;" essentially it would be a building for business purposes. See 18 *C. J.* 391.

It is true that covenants of this kind are strictly construed. *Trainer* v. *Calef,* 96 *N. J. Eq.* 657. But this is no time to decide the question whether some grantor or adjoining owner not a party to the present litigation could prevent the erection on forbidden ground of a "house" intended for business purposes; especially if such decision were now to be advice to such grantor or adjoining owner. The general rule, which I consider applicable to the stipulation in question, is that the purchaser is entitled to reject the title and recover back his deposit in a case where a substantial defect is shown. *Eisler* v. *Halperin,* 89 *N. J. L.* 278. The plaintiff is not required to take the title at the risk of litigation in which he may be defeated.

These considerations require the entry of a summary judgment over the answer.